## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JACKSON,

        Plaintiff,

    v.

SCI HUNTINGDON PRISON
OFFICIALS, *et al.*,

        Defendants.

No. 3:18-CV-01290

(Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 25, 2020

Plaintiff Ronald Jackson, a state prisoner presently confined at the State Correctional Institution at Pine Grove in Indiana, Pennsylvania, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging a First Amendment retaliation claim and an Eighth Amendment medical claim.[1]  Presently before the Court are Defendants' motion to dismiss the amended complaint,[2] and Plaintiff's motions for a preliminary injunction,[3] all of which are ripe for adjudication.  For the reasons that follow, the Court will grant the motion to dismiss without prejudice and deny the motions for a preliminary injunction.

---

[1]   Doc. 45.
[2]   Doc. 48.
[3]   Doc. 39, 63.

## I.     FACTUAL BACKGROUND[4]

At most times relevant to the amended complaint, Plaintiff was incarcerated at SCI Huntingdon, until he was transferred to SCI Pine Grove.[5]  Plaintiff names as defendants Superintendent Kevin Kauffman, Sergeant Bradley Grove, Sergeant Weakland, Correctional Officer Jason Pyle, Correctional Officer James Mainello, Nurse Michele Harker, Healthcare Administrator Paula Price, Nurse Nicole Emigh, Hearing Examiner Scott Ellengerger, and Corrections Officer John Doe.[6]  Plaintiff identifies Defendants Kauffman, Grove, Weakland, Harker, and Price as supervisors.[7]

Plaintiff chiefly complains about being repeatedly charged a co-pay for medical services and medications.[8]  Plaintiff alleges that the charging of co-pays violates the Pennsylvania Department of Corrections' policies, and that he was denied refunds for the payment of the co-pays.  Plaintiff does not allege that he was denied medical care or services due to the charging of co-pays.  He believes that he has been retaliated against for filing grievances related to the wrongful charging of co-pays.

---

[4]   The Court notes that the amended complaint is frequently incoherent and it is difficult, at times, to decipher the allegations that Plaintiff is intending to make and against whom those allegations should be asserted.  The Court has endeavored to accurately reflect the factual allegations of the amended complaint to the best of its ability.

[5]   Doc. 45.

[6]   *Id.* at 4-5.

[7]   *See id.*

[8]   *See*, *e.g.*, *id.* at 7-9.

In addition, Plaintiff includes an allegation of medical deliberate indifference against Defendants Jason Pyle, Michele Harker, and Nicole Emigh.[9]  Plaintiff alleges that he had an in-grown toenail, that the treatment for his toenail was rescheduled, and that he elected to "perform surgery" on himself without supervision.[10]  It is unclear what the involvement of Defendants Pyle, Harker, and Emigh may have had regarding Plaintiff's in-grown toe nail.  Later on in the amended complaint, Plaintiff alleges that he was scheduled for surgery on August 22, 2017 for his in-grown toenail, and that on the day of his scheduled surgery he was in the recreation yard, that he went inside anticipating the call for surgery, but that Defendant Pyle failed to notify him and thus he missed his surgery.[11]

Plaintiff also alleges that Defendant Emigh would deny Plaintiff unspecified medication, so he would crush his own self-medication in water, which would irritate his stomach and mouth.[12]  Plaintiff "would inform nurse of the symptom, and nurse Emigh would become 'UNGLUE'/ 'BELLIGERENTLY.'"[13]

Next, Plaintiff alleges that he was retaliated against for filing inmate requests to staff or other prison grievances.  He alleges that he was subjected to punitive segregation and poor prison conditions; however, he does not allege who may have

---

[9]   *Id.* at 6.
[10]   *Id.*
[11]   *Id.* at 13.
[12]   *Id.* at 10.
[13]   *Id.*

subjected him to this treatment.  He also says his prison identification card was taken away from him in July 2018 by unnamed prison officials, and that Defendant Emigh, Mainello, Pyle, and Grove conspired to cause this retaliatory harm to Plaintiff.[14]

Finally, Plaintiff alleges that in July 2018, some of his property was damaged during its transfer, that prison officials forged his signature regarding the condition of that property as part of a cover up, and that he has not been compensated for such damage.[15]  Plaintiff alleges that Defendants Weakland and Corrections Officer John Doe caused this property destruction and forgery.  It appears that Plaintiff is also alleging that these defendants, when questioned, stated that they did not cause the damage and that it was Defendant Grove.  Plaintiff alleges that these actions were taken in retaliation for filing grievances regarding solitary confinement and harsh treatment.  Plaintiff also alleges that the transfer to SCI Pine Grove was a "retaliatory transfer for pursuit of legal action."[16]

There are no factual allegations in the amended complaint against Defendant Hearing Examiner Ellenberger.[17]  In addition, the only factual allegations alleged against Defendants Kauffman and Price involve their responses to grievances.[18]

---

[14]  *Id.* at 10.
[15]  *Id.* at 15-21.
[16]  *Id.* at 4.
[17]  *See generally* Doc. 45.
[18]  *See id.* at 9, 12, 20.

## II.   STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[19]  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[20]  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[21]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22]  The court need not accept unsupported inferences,[23] nor legal conclusions

---

[19]   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[20]   *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).

[21]   *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[22]   *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).

[23]   *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

cast as factual allegations.[24]   Legal conclusions without factual support are not entitled to the assumption of truth.[25]

Once a court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[26]  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[27]  The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[28]

## III.   DISCUSSION

Plaintiff asserts First and Eighth Amendment claims against the Defendants, who have moved to dismiss all claims, arguing that Plaintiff has failed to state a claim upon which relief may be granted.  After reviewing the motion and supporting

---

[24]   *Twombly*, 550 U.S. at 556.

[25]   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

[26]   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[27]   *Iqbal*, 556 U.S. at 678.

[28]   *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

and opposition briefs, the Court agrees with Defendants and will dismiss the amended complaint.

First, the Court must dismiss the claims alleged against Defendants Kauffman, Ellenberger, and Price because they were not personally involved in the wrongful actions alleged by Plaintiff.  "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[29] Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[30]  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[31]  A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[32] In addition, a prisoner's allegation that prison officials and administrators responded inappropriately or failed to respond to a prisoner's complaint or an official grievance does not establish that the officials and administrators were involved in the

---

[29] *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[30] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

[31] *Iqbal*, 556 U.S. at 677.

[32] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

underlying allegedly unconstitutional conduct.[33]  Notably, a supervisory official has

no affirmative constitutional duty to supervise or discipline subordinates so as to

prevent the violation of constitutional rights.[34]

Here, these Defendants are either not mentioned in the factual allegations of

the amended complaint, or their involvement is limited to responding to grievances.

Because such involvement is insufficient to trigger § 1983 liability, Plaintiff has

failed to state a claim upon which relief may be granted as to Defendants Kauffman,

Ellenberger, and Price.

Next, Plaintiff has brought his constitutional claims pursuant to 42 U.S.C. §

1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory, subjects, or causes to be
> subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

---

[33] *See Rode*, 845 F.2d at 1207-08 (concluding that review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pennsylvania Dep't of Corrs.*, No. 06-cv-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

[34] *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990).

8

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[35] "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[36]

At to Plaintiff's Eighth Amendment medical claim, "[i]n order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."[37]  "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."[38] This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.[39] Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a

---

[35]  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

[36]  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

[37]  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[38]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[39]  *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).

9

prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment.[40]

Plaintiff's deliberate indifference allegations include that he was charged co-pays for medical services or medications; that Defendant Emigh did not provide him with an unidentified medication, so Plaintiff administered his own self-medication; that his toenail treatment was rescheduled; and that Defendant Pyle failed to call Plaintiff for his toenail surgery.  As to the allegation of being charged co-pays, Plaintiff at no point alleges that he was denied necessary medical treatment or that any such treatment was delayed due to policy of charging co-pays.  Next, as to the allegation that Defendant Emigh would not provide Plaintiff with an unidentified medication, this allegation is simply conclusory and fails to provide the sort of factual support necessary to determine whether Plaintiff can state an Eighth Amendment medical claim.

For example, what serious medical need did Plaintiff have; why did he need this unidentified medication; and was it a needed or recommended medical treatment?  In addition, regarding Plaintiff's allegation that his toenail treatment was rescheduled, Plaintiff fails to allege which Defendants may have been involved—if any—in the decision to reschedule his toenail treatment.

---

[40] *Id.*

Finally, as to Plaintiff's allegation that Defendant Pyle failed to call him for his surgery, Plaintiff fails to allege that Defendant Pyle was deliberately indifferent to his need for surgery. The entire allegation pled is that "Plaintiff, was on schedule for surgery August 22, 2017. Plaintiff, limped to yard that morning, but "PA. LINE" is usually, after yard. Plaintiff, came in from yard anticipating "PA. LINE," and surgery, however Co. Pyle inform "OTHER" PRISONER OF "PA. LINE," but in continuous retaliation deny, interfere with Plaintiff treatment by not informing Plaintiff of treatment." According to Plaintiff, "PA. LINE" has never been called in the yard in the eight years has been at SCI Huntingdon, and from what the Court can infer, Defendant Pyle "interfered" with Plaintiff's medical treatment by calling "PA LINE" in the yard while Plaintiff went inside for "PA LINE."

Although Plaintiff was undoubtedly frustrated by missing the call for "PA LINE" in the yard, such an allegation cannot, without more, support an inference of deliberate indifference by Defendant Pyle. As Plaintiff specifically alleges, another inmate who was expected to attend "PA LINE" was in the yard when it was called and that inmate then went to "PA LINE." That Plaintiff was somewhere else when the call was made or that he did not hear the call simply fails to rise to the level of deliberate indifference necessary to sustain an Eighth Amendment constitutional violation.

As to Plaintiff's First Amendment retaliation claim, "[a] prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected."[41]   A prisoner must then show that he suffered some "adverse action" at the hands of the prison officials.[42]   Finally, the prisoner must establish that his constitutionally protected conduct was "a substantial or motivating factor" in the decision to discipline him.[43]   The burden of establishing the causal link then shifts to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity.[44]   Put another way, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.[45]

Plaintiff has not identified any Defendant who subjected him to the allegedly retaliatory segregation or poor prison conditions, and thus, any First Amendment retaliation claim regarding his placement in punitive segregation or prison conditions fails.   In addition, Plaintiff has failed to sufficiently allege any causal link between

---

[41]   *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).
[42]   *Id.*
[43]   *Id.*
[44]   *See id.*
[45]   *Id.* at 334.

the filing of grievances and the other alleged retaliatory actions, such as the assessment of co-pays and the issues with his personal property.  Notably, an adverse action after a complaint or grievance is filed does not *ipso facto* establish a causal link between the filing and any subsequent adverse action.[46]  In such a circumstance, the Court must consider the facts to determine whether they are "unusually suggestive" of a retaliatory motive that a temporal proximity will, on its own, support an inference of causation.[47]  To satisfy this burden, a prisoner must establish either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action or (2) a pattern of antagonism coupled with timing that suggests a causal link."[48]

Here, although Plaintiff identifies protected constitutional activity in the nature of filing prison grievances, he has not established the link required to satisfy the element of causation needed for a claim of retaliation.  Plaintiff simply fails to allege facts to connect the protected acts with the alleged retaliation, either from a proximity standpoint, or, more generally, any inference of a link or retaliatory motive.  It may be that Plaintiff can meet this burden, but upon review of the

---

[46]   *See Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005).
[47]   *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).
[48]   *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2002).

13

allegations of the amended complaint, he has not pled allegations sufficient to establish a causal link.[49]

Because Plaintiff has failed to allege any constitutional claim upon which relief may be granted, the Court will dismiss the amended complaint without prejudice. In light of Plaintiff's *pro se* status and because it is possible that Plaintiff may be able to cure his pleading defects, the Court will provide Plaintiff with a final opportunity to amend his complaint.

Turning to the motions for a preliminary injunction, Plaintiff must establish (1) the reasonable probability of eventual success in the litigation, and (2) irreparably injury should the injunction not issue, and the Court should also consider (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.[50] Here, it is clear that Plaintiff could not be successful in the litigation as he has failed to state a claim upon which relief may be

---

[49] It may be that Plaintiff is having difficulty establishing his claims of retaliation due to the lack of clarity in his pleading. While Plaintiff often seeks to allege retaliation in the amended complaint, those allegations are often difficult to understand and tend to be missing information that would help the Court understand how a grievance may be connected to an adverse action. For example, Plaintiff alleges at one point that "[t]he health care provider assessed Plaintiff, account without notice, and again ($5) was debited, which Nicole Emigh was present during the initial screening, and co-pay charge, was being influence by nurse Emigh in retaliation for exercising a protected right, see: 'COMPL. GRIEV. #694670." Here, it is unclear who the health care provider is, how Defendant Emigh apparently influenced him or her, or how that conduct was a substantial or motivating factor in the decision to assess him a co-pay.

[50] *See Bennington Foods LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176 (3rd Cir. 2008).

granted. As such, the motions for a preliminary injunction will also be denied without prejudice.

## IV.   CONCLUSION

Based on the foregoing, the motions for a preliminary injunction will be denied and the motion to dismiss will be granted, with leave to amend.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge